**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| GENIAL HOLDING LTDA., a limited liability company in Brazil, and BANCO GENIAL S.A., a company in Brazil | : : : : : | CASE NO.: 1:24-cv-05780-PAE |
| Plaintiffs, | : : | **STIPULATION AND ORDER** |
| - against - | : : : | **FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL** |
| BRASIL PLURAL SECURITIES, LLC, a Delaware Corporation, BRASIL PLURAL HOLDINGS, LLC, a Delaware Corporation, and MANUEL MARIA MONTEIRO DIAS FERNANDES FERNANDEZ, an individual, | : : : : | **INFORMATION** |
| Defendants. |  |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order under Federal Rule of Civil Procedure ("FRCP") 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in the above-captioned litigation between the parties;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of the litigation between the parties,

IT IS HEREBY ORDERED that any person subject to this Order, including without limitation, the Parties to this action, including their respective corporate parents, successors, and assigns, their representatives, agents, experts and consultants, all third parties providing discovery

in the litigation between the parties, and all other interested persons with actual or constructive notice of this Order, will adhere to the following terms, upon pain of contempt:

1.  This Stipulation and Order is being entered into to facilitate the production, exchange, and discovery of documents and information that the Parties and, as appropriate, non-parties, may designate for confidential or highly confidential treatment. This Stipulation and Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information or material produced, given, or exchanged by and among the Parties and any non-parties in connection with discovery in the Litigation (such information or material hereinafter referred to as "Discovery Material").

2.  Any Party or, as appropriate, non-party, may designate Discovery Material in connection with the litigation between the parties as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" either by: (i) a notation on the document; (ii) a statement on the record of a deposition; (iii) written advice to counsel for all other Parties to the litigation; or (iv) any other appropriate means.

3.  As used herein:

    a.  "Confidential Information" shall mean all information designated as "CONFIDENTIAL" that the Producing Party (as defined below) reasonably and in good faith believes constitutes and/or contains: (i) trade secrets; (ii) non-public, confidential, business, strategic, personal, proprietary, competitively-sensitive, or commercially-sensitive information.

    b.  "Highly Confidential Information" shall mean all information designated as "HIGHLY CONFIDENTIAL" that the Producing Party reasonably and in good

faith believes constitutes and/or contains trade secrets, proprietary business information, or other information, the disclosure of which would result in a substantial risk of competitive, commercial, personal, financial, or serious harm to the Producing Party or its personnel, affiliates, contractors, clients, or customers, if disclosed, and such Discovery Material would not otherwise be adequately protected under the procedures set forth herein for Confidential Information.

c.      "Protected Information" shall collectively mean Confidential Information and Highly Confidential Information.

d.      "Producing Party" shall mean any Party to the litigation and/or any non-party producing Protected Information in connection with depositions, document production, and/or other discovery in the litigation between the parties, or the Party or non-party asserting the confidentiality designation, as the case may be.

e.      "Receiving Party" shall mean any Party to the litigation and/or any non-party receiving Protected Information in connection with depositions, document production, and/or other discovery in the litigation between the parties.

f.      "Litigation" shall mean the above-captioned case and the Brazilian Lawsuit as defined herein.

g.      Brazilian Lawsuit" shall mean the related litigation involving the Parties and their affiliates filed on July 23, 2024, in the Vara Empresarial e de Conflitos Relacionados à Arbitragem da Comarca da Capital do Estado de São Paulo.

4.      The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of Discovery Material as Confidential or Highly Confidential Information, as applicable.  In that event, the Parties to the litigation shall meet

and confer in good faith regarding any such disagreement over the classification of Discovery Material. If the Producing Party agrees to declassify or change the designation of particular documents, it must promptly notify all Receiving Parties that it is withdrawing or changing the designation. If the Producing Party does not agree to change the designation of such Discovery Material within seven (7) days of the written request, the Receiving Party may make an application to the Court for an order changing the designation of such Discovery Material. If no such application is made, such documents or materials shall continue to be treated as Protected Information, with the same confidentiality designation as originally asserted by the Producing Party. If such application is made by the Receiving Party, the Discovery Material shall be deemed Protected Information, with the same confidentiality designation as originally asserted by the Producing Party, unless and until the Court rules otherwise. Notwithstanding anything herein to the contrary, the Producing Party bears the burden of establishing the propriety of its designation of documents or information as Protected Information.

5. In order to expedite the production of voluminous materials, a Producing Party may, but is not required to, produce materials without a detailed review for confidentiality designation and may designate as "CONFIDENTIAL" collections of documents that, by their nature, contain Confidential Information, notwithstanding that some of the documents within the collection may not qualify for such designation. A Party's "bulk" designation of documents shall not constitute a waiver of any Party's rights set forth in Paragraphs 17 or 20 of this Stipulation and Order. Notwithstanding the foregoing, a Receiving Party may at any time challenge the designation of one or more particular documents on the grounds that the document(s) do not qualify for protection, including as provided in Paragraphs 4 and 24 of

4

this Stipulation and Order. If a Party has produced documents in another action, investigation, or other proceeding without detailed, or any, review to determine whether privilege or other immunity from discovery applies, no Party shall claim that production of those documents in such other action, investigation, or other proceeding constitutes a waiver of any privilege or protection with respect to the documents produced. For the avoidance of doubt, "bulk" designation of documents as "HIGHLY CONFIDENTIAL" is prohibited.

6. Except with the prior written consent of the Producing Party or an instruction from the Court, Confidential Information shall not be furnished, shown, or disclosed to any person or entity, except to:

    a. personnel, affiliates, representatives, or contractors of a Party to the litigation (i) actually engaged in assisting in the preparation for trial or other proceeding in the Litigation and who have been advised of their obligations hereunder; and/or (ii) having decision-making and settlement authority with respect to the Litigation and who have been advised of their obligations hereunder;

    b. counsel for the Parties for the Litigation and their associated attorneys, paralegals, and other professional personnel, including support staff and electronic discovery staff, who: (i) are directly assisting such counsel in the preparation for trial or other proceedings or discovery in the Litigation; (ii) are under the supervision or control of such counsel; and (iii) have been advised by such counsel of their obligations under this Stipulation and Order, provided that any counsel for a Party in the Brazilian Lawsuit or their associated personnel shall only be permitted access to another Party's Protected Information subject to the terms of Paragraph 8 herein;

c.    former personnel, affiliates, representatives, or contractors of a Party actually engaged in assisting in the preparation for trial or other proceeding in the Litigation, if furnished, shown, or disclosed in accordance with Paragraph 8 of this Stipulation and Order and only to the extent such Confidential Information was designated by the Party with whom such person was previously affiliated;

d.    expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with the Litigation; *provided*, however, that: (i) such Confidential Information is furnished, shown, or disclosed to them in accordance with Paragraph 8 of this Stipulation and Order; (ii) any report created by such experts incorporating or disclosing Confidential Information in whole or in part shall be designated in full as Confidential Information by the Party responsible for its creation; and (iii) such experts may not use Confidential Information for any purpose other than the Litigation;

e.    third-party vendors or consultants retained by a Party or their counsel to furnish technical, litigation support, electronic discovery, or expert services in connection with the Litigation, *provided*, however, that: (i) such Confidential Information is furnished, shown, or disclosed to them in accordance with Paragraph 8 of this Stipulation and Order; and (ii) such third-party vendors or consultants may not use Confidential Information for any purpose other than the Litigation;

f.    the Court and Court personnel, if filed in accordance with Paragraph 12 of this Stipulation and Order;

g.    mediators or other third parties appointed by the Court or retained jointly by the Parties for settlement purposes or resolution;

6

h.  an officer before whom a deposition is taken, including stenographic reporters, videographers, and any necessary secretarial, clerical, or other personnel of such officer;

i.  trial and deposition witnesses in the litigation between the parties and their counsel, if furnished, shown, or disclosed in accordance with Paragraphs 11 and 12, respectively, of this Stipulation and Order;

j.  any person or entity indicated on the face of a document, or by deposition or trial testimony, to be the author or recipient of the document, or to have otherwise had custody or possession of the document(s) or information designated as Confidential Information or in a deposition of any corporate representative of the Producing Party of such Confidential Information; and/or

k.  any other person or entity agreed to by the Parties to the litigation, ordered by the Court, or to whom disclosure is required by law, subject to the requirements of Paragraph 23 of this Stipulation and Order.

7.  No disclosure of Highly Confidential Information may be made to any person or entity other than:

a.  outside counsel for the Parties in the litigation and their associated attorneys, paralegals, and other professional personnel, including support staff, who: (i) are directly assisting such counsel in the preparation of the litigation between the parties for trial or other proceeding herein; (ii) are under the supervision or control of such counsel; and (iii) have been advised of their obligations under this Stipulation and Order, provided that any counsel for a Party in the Brazilian Lawsuit or their associated personnel shall only be permitted access to another Party's Protected

Information subject to the terms of Paragraph 8 herein.  For the avoidance of doubt, Highly Confidential Information disclosed to such persons may not be used for any business or other purpose unrelated to the prosecution or defense of the litigation between the parties, provided, however, that the parties reserve the right to seek to disclose Highly Confidential Information to identified in-house counsel with the agreement of the Producing Party, absent such agreement the Receiving Party may seek relief from the Court;

b.    outside expert witnesses retained by a Party for the litigation, *provided*, however, that: (i) such Highly Confidential Information is furnished, shown, or disclosed in accordance with Paragraph 8 of this Stipulation and Order; (ii) any report created by such experts incorporating or disclosing Highly Confidential Information in whole or in part shall be designated in full as Highly Confidential Information by the Party responsible for its creation; and (iii) such experts may not use Highly Confidential Information for any purpose other than the Litigation;

c.    third-party vendors or consultants retained by a Party or its counsel to furnish technical, litigation support, electronic discovery, or expert services in connection with the litigation between the parties, *provided*, however, that such Highly Confidential Information is furnished, shown, or disclosed in accordance with Paragraph [8] of this Stipulation and Order, and that such third-party vendors or consultants may not use Highly Confidential Information for any purpose other than the Litigation;

d.    the Court and Court personnel, if filed in accordance with Paragraph 12 of this Stipulation and Order;

e.   mediators or other third parties appointed by the Court or retained jointly by the Parties for settlement purposes or resolution;

f.   an officer before whom a deposition is taken, including stenographic reporters, videographers, and any necessary secretarial, clerical, or other personnel of such officer;

g.   trial and deposition witnesses in the Litigation, if furnished, shown, or disclosed in accordance with Paragraphs 11 and 12, respectively, of this Stipulation and Order;

h.   any person or entity indicated on the face of a document, or by deposition or trial testimony, to be the author or recipient of the document, or to have otherwise had custody or possession of the document(s) or information designated as Highly Confidential Information or in a deposition of any corporate representative of the Producing Party of such Highly Confidential Information; and/or

i.   any other person or entity agreed to by the Parties to the litigation, ordered by the Court, or to whom disclosure is required by law, subject to the requirements of Paragraph 24 of this Stipulation and Order.

8.   Before any disclosure of Protected Information is made under Subparagraphs 6(a) (only insofar as it pertains to outside counsel for the Brazilian Lawsuit), 6(c), 6(d), 6(e), 7(a) (only insofar as it pertains to outside counsel for the Brazilian Lawsuit), 7(b), or 7(c) of this Stipulation and Order, counsel for the Receiving Party shall obtain from the intended recipient of the Protected Information such person's written undertaking, substantially in the form of Exhibit A attached hereto, to comply with and be bound by its terms. The Receiving Party's counsel shall maintain all such undertakings. Notwithstanding the foregoing, any person or entity to whom Protected Information has been disclosed and who

has been informed of the terms of this Stipulation and Order shall be bound to maintain the confidentiality of such Protected Information regardless of whether they have specifically agreed to be bound by this Stipulation and Order.

9. Protected Information shall be utilized by the Receiving Party, its counsel, and any other authorized person under the terms of this Stipulation and Order provided such Protected Information may be used by the Receiving Party only for purposes of the Litigation and the Brazilian Lawsuit, and for no other purposes.

10. All depositions shall presumptively be treated as Confidential Information subject to this Stipulation and Order during the deposition and for a period of thirty (30) days after the final deposition transcript is received by counsel for each of the Parties. At or before the end of such thirty (30)-day period, the deposition transcript, or pages of the transcript, may be designated for future purposes as Confidential Information or Highly Confidential Information, as appropriate, by any Party to the litigation or, where applicable, by the non-party providing the deposition testimony. Notwithstanding the foregoing, all depositions at which one or more documents designated as Highly Confidential are introduced as exhibits or for which any Party or third party involved in the deposition makes a preliminary designation of the testimony as Highly Confidential Information shall be presumptively treated as Highly Confidential Information and subject to this Stipulation and Order during the deposition and until thirty (30) days after the final transcript of any deposition conducted in the Litigation is received by counsel for each of the Parties. At or before the end of such thirty (30)-day period, the deposition transcript, or relevant pages of the transcript, may be designated for future purposes as Highly Confidential Information by any Party to the litigation or, where applicable, by the non-party providing the deposition

testimony. Any Party may challenge the designation by following the procedure set forth above in Paragraph 4 of this Stipulation and Order.

11.    In the event that any Party or, as appropriate, non-party, seeks to disclose Protected Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party or, as appropriate, non-party, may do so only after taking such steps as the Court shall deem necessary to preserve the confidentiality of such Protected Information. The use of such Protected Information at any hearings or at trial in the Litigation shall not cause such Discovery Material to lose its status as Protected Information unless otherwise ordered by the Court or stipulated to by the Parties.

12.    The following provisions shall apply to the filing of Discovery Material that a Party has previously designated as comprising or containing Protected Information:

   a.    A Party or, as appropriate, non-party, who seeks to file with the Court (i) any Protected Information, or (ii) any pleading, brief, or memorandum that reproduces, paraphrases, or discloses Protected Information, shall comply with the procedures set forth in the Local Rules and in the Court's Individual Practices in Civil Cases, Paragraph 4.

13.    A Party may request to designate as Confidential Information or Highly Confidential Information, as appropriate, any Discovery Material produced or given by any non-party to the litigation between the parties, or any portion of such Discovery Material. A Party shall not be precluded from seeking court intervention to designate any Discovery Material as Protected Material to the extent not done so by the Producing Party.

14.    Any person receiving Protected Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms of this

Stipulation and Order, and shall use reasonable measures to store and maintain the Protected Information in order to prevent any unauthorized disclosure.

15. Any Discovery Material that may contain Protected Information that has been produced without identification as to its protected nature, as provided in Paragraphs [2] and/or [14] of this Stipulation and Order, may be so designated by the Party asserting the confidentiality designation by written notice identifying the Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate, to the Receiving Party's counsel in the Litigation. Any prior failure to designate materials or information as Protected Information, whether inadvertent or otherwise, shall not waive the ability to make such subsequent designations. Upon such designations, the Protected Information shall be treated under the terms of the Stipulation and Order.

16. Extracts and summaries of Protected Information shall also be treated as Protected Information in accordance with the provisions of this Stipulation and Order.

17. The production or disclosure of Protected Information shall in no way constitute a waiver of each Party's right to object to the production or disclosure of other information in the Litigation or in any other action. Nothing in this Stipulation and Order shall operate as an admission by any Party or non-party that any particular document, testimony, or information is, or is not, Confidential Information and/or Highly Confidential Information. Failure to challenge a Confidential Information or Highly Confidential Information designation shall not preclude a subsequent challenge to any such designation.

18. This Order is intended to and shall provide the maximum protection available under Federal Rule of Evidence 502(d), both in this litigation and in any subsequent litigation or in any other state or federal proceeding.

a.  The production of any privileged or otherwise protected or exempted information, as well as the production of information without an appropriate designation of confidentiality, whether inadvertent or otherwise, shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, or the subject matter thereof, or the confidential nature of any such information, as to the produced document and any related material.

b.  If a Receiving Party receives materials that appear to be subject to an attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, or otherwise protected by a discovery privilege, protection, or immunity ("Privileged Documents"), the Receiving Party must refrain from further examination of the Privileged Documents, and shall immediately notify the Producing Party, in writing, that he or she possesses material that appears to be privileged or protected.   In the event of disclosure of alleged Privileged Documents, the Producing Party may notify the other Parties of the disclosure and request return of the alleged Privileged Documents.   Upon such notice, the Receiving Party shall make no further use of the alleged Privileged Documents and shall immediately segregate them in a manner that will prevent further disclosure or dissemination of their contents, and, within seven (7) days of receiving such notice of the production of Privileged Documents, the Receiving Party shall undertake best efforts to either: (a)(i) return, destroy, or otherwise sequester all copies or versions of the documents identified by the Producing Party, including the originals, and (a)(ii) expunge, from any other document, information,

13

or material derived from the produced Privileged Documents; or (b) notify the Producing Party that they dispute that the allegedly Privileged Documents are Privileged Documents. The Receiving Party shall also use reasonable efforts to obtain any copies that were provided to other persons pursuant to this Stipulation and Order for treatment in the foregoing manner. For the avoidance of doubt, counsel for the Receiving Party may consult the alleged Privileged Document as part of its reasonable efforts to determine whether there is any dispute as to its status as a Privileged Document and to resolve any such dispute. Nothing in the preceding sentence of this Paragraph 18 shall result in a waiver or any other loss of any privilege or protection.

c.   In the event there is a dispute over whether the documents at issue are protected from disclosure by virtue of an attorney-client or other privilege, protection, or immunity from discovery, the Receiving Party shall nevertheless:

   i.   make no further use of the alleged Privileged Documents; and

   ii.   immediately segregate all copies (whether electronic or hard copy) in a manner that will prevent further disclosure or dissemination of their contents.

   iii.   Again, for the avoidance of doubt, the Receiving Party's counsel may consult the alleged Privileged Document as part of its reasonable efforts to resolve the privilege dispute or issue. Nothing in the preceding sentence of this Subparagraph 18(c) shall result in a waiver or other loss of any attorney-client privilege or other protection.

   iv.   Counsel shall undertake reasonable efforts to resolve the privilege dispute or

issue without Court intervention within ten (10) days of such notice of the production of Privileged Documents. To the extent counsel cannot resolve the issue within ten (10) days, the Producing Party may make an application to the Court for protection of the alleged Privileged Documents. The Receiving Party may not assert as a ground for compelling production the fact or circumstance that the alleged Privileged Documents had already been produced.

19. If a Receiving Party learns that it has disclosed Protected Information to any person or in any circumstance not authorized under this Stipulation and Order, the Receiving Party must promptly, after discovery of the disclosure by counsel of record, (a) notify the Producing Party of the unauthorized disclosure(s) in writing, (b) make reasonable efforts to retrieve all copies of the Discovery Material containing Protected Information from the person or persons to whom unauthorized disclosures were made (collectively, the "Unauthorized Recipient(s)"), (c) inform the Unauthorized Recipient(s) of all the terms of this Stipulation and Order, and (d) request the Unauthorized Recipient(s) to execute the undertaking attached hereto as Exhibit A.

20. The Parties to the litigation agree that, up to and including the date upon which the Court enters a final judgment in the Litigation (not including any time for any appeal), or the date upon which the Litigation is resolved by final settlement, they would not have an adequate remedy at law in the event that a court of competent jurisdiction determines that there is an actual or threatened breach of this Stipulation and Order by either Party, and agree that, under such circumstances, the Parties to the litigation will be entitled to specific performance and/or injunctive relief to enforce the terms of this Stipulation and Order, in

addition to any remedy to which they may be entitled at law or in equity.

21.    This Stipulation and Order shall be governed by, and construed in accordance with, the FRCP and the Local Rules. The provisions of this Stipulation and Order shall be binding upon the Parties and to any person subject to this Stipulation and Order and who has received Protected Information from discovery in the above-referenced lawsuit.    All modifications of, waivers of, and amendments to this Stipulation and Order must be in writing and signed by, or on behalf of, all of the Parties to the litigation.

22.    This Stipulation and Order is entered into without prejudice to the right of any Party or non-party to seek relief from, or modification of, this Stipulation and Order, or any specific provisions of this Stipulation and Order, including among other things, to seek or agree to different or additional protections for any particular material or information, by a properly-noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the FRCP or other applicable law.  In addition, the Parties may stipulate in writing to any changes or modifications to this Stipulation and Order as they deem prudent.  The Parties may also agree in writing to stipulate to modify or extent any time periods contemplated herein provided that any time modifications do not conflict with the Court's procedures.

23.    This Stipulation and Order has no effect upon, and shall not apply to, the Parties' use of their own Protected Information or Discovery Material for any purpose.  Nothing herein shall impose any restrictions on the use or disclosure by a Party of documents, materials, or information designated as Protected Information that has been generated or obtained lawfully by such Party independently of the proceedings in the Litigation.

24.    If any Receiving Party receives a subpoena or other legal process commanding the

production of Protected Information or is otherwise compelled by law to produce Protected Information (the "Demand"), such Receiving Party shall promptly notify the Producing Party of the Demand, and shall not produce any Protected Information in response to the Demand until the passage of ten (10) business days after notice to the Producing Party (to provide the Producing Party the opportunity to take any steps available to it under the law to challenge the Demand). For the avoidance of doubt, this Stipulation and Order shall not be construed to require any Receiving Party to violate the terms of a Demand that it determines, in its reasonable judgment, to be legally valid. In addition, the Receiving Party must promptly deliver a copy of this Stipulation and Order to the party in the other matter that caused the Demand to be issued. The Producing Party shall, at its own expense, bear the burden to challenge any such Demand.

25.  To the extent that, and only in the event that such disclosure is approved by the Court, nothing herein shall prevent any Receiving Party from disclosing Protected Information: (a) to the extent necessary to report to appropriate taxing authorities, or to the accountants or independent public auditors of the Receiving Party in confidence, as and only to the extent required to perform auditing or tax accounting work; and (b) to the extent necessary for purposes of financial reporting, including Securities Exchange Commission and regulatory filings and other regulatory requests.

26.  For the avoidance of doubt, nothing herein shall preclude outside or in-house counsel from giving advice to his or her client that is a Party to the litigation that includes a general evaluation of Protected Information, *provided,* however, that counsel shall not disclose the contents of any Protected Information in violation of the terms of this Stipulation and Order. Notwithstanding this Paragraph 26, nothing in this Paragraph enlarges or creates new rights

to divulge any Protected Information.

27.    Any Party, in conducting discovery from non-parties in connection with the Litigation, shall provide any non-party from which it seeks discovery with a copy of this Stipulation and Order in order to inform each such non-party of his, her, or its rights under this Stipulation and Order. If a non-party provides discovery to any Party in connection with the Litigation, the provisions of this Stipulation and Order shall apply to such discovery as if such discovery were being provided by a Party. Under such circumstances, the non-party shall have the same rights and obligations under the Stipulation and Order as held by the Parties. For the avoidance of doubt, non-parties may designate Discovery Material as Confidential or Highly Confidential, as appropriate, as set forth above under Subparagraphs [3(a)] and [3(b)] of this Stipulation and Order.

28.    This Stipulation and Order shall, absent prior written consent of all Parties or order of a court with competent jurisdiction, continue to be binding after the conclusion of the Litigation.

29.    Nothing in this Stipulation and Order shall be deemed to waive any privilege, protection, or immunity recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts, documents, or information revealed in the course of discovery. Moreover, nothing in this Stipulation and Order shall be construed as requiring production of any particular documents or as waiving any right to assert an objection on the basis of relevance, overbreadth, undue burden, or any other ground. Access to all materials (whether designated as Confidential, Highly Confidential, or neither) shall be only as provided by the discovery rules under the FRCP, the Court's Individual Practices in Civil Cases, and other applicable law.

30.     Within sixty (60) days after the final termination of the Litigation by settlement, including, to the extent applicable, final court approval of such settlement, or exhaustion of all appeals, all Protected Information produced or designated in the Litigation and all reproductions of such Protected Information, shall be returned to the Producing Party or shall be destroyed by the Receiving Party. In the event that the option for destruction of Protected Information is utilized, the Receiving Party shall certify, in writing, within sixty (60) days of the final termination of the Litigation, that: (i) it has undertaken its best efforts to destroy such physical objects and documents in a manner designed to protect against disclosure of Protected Information; and (ii) such physical objects and documents have been destroyed to the best of its knowledge. The obligation to destroy electronically-stored information shall be construed to require reasonable measures, and shall not be construed to require the violation of any legal obligation to retain records or the deletion of information from backup systems or other electronic storage systems that are not reasonably accessible. Notwithstanding anything to the contrary, counsel of record for the Parties may retain copies of documents constituting attorney work product, reports, pleadings, motion papers, other court filings, discovery responses, deposition and trial transcripts, and deposition and trial exhibits. This Stipulation and Order shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional conduct. Nothing in this Stipulation and Order shall prohibit or interfere with the ability of counsel for any Party, or of experts specially retained for the Litigation, to represent any individual, corporation, or other entity adverse to any Party or its affiliate(s) in connection with any other matters. For the avoidance of doubt, experts, third-party vendors, and/or consultants who have received Protected Information shall also be required to return or destroy such Protected Information

under the terms of this Paragraph 30.

31.   Neither the taking of, nor failure to take any action, to enforce the provisions of this Stipulation and Order, nor the failure to object to any such action or omission, shall constitute a waiver of any substantive claim or defense in trial of, or other proceedings in, the Litigation.

32.   The Receiving Party and any authorized person receiving Protecting Information under this Stipulation and Order agrees to use Discovery Material and Protected Information produced to it in the Litigation solely for purposes of the Litigation; *provided*, however, that nothing in this Paragraph 32 shall impose a limitation on the use of materials that are otherwise publicly available or that are in the Receiving Party's or other person's possession through legal means.

33.   Absent notice to and permission from the Producing Party, any person or entity authorized to have access to Protected Material under the terms of this Order shall not use or employ any application, service, or analytical software that will transfer, transmit, send or allow any external access to Protected Material (in whole or in part) unless such application, service or analytical software (i) is containerized (*i.e.*, does not transmit any Protected Material, including parts or summaries thereof) to any external system or network for the purpose of analysis, use, or the generation of text outputs in response to queries for any of the foregoing by persons not authorized under the terms of this Stipulation and Order, (ii) has the ability to track all information in the system (including access), and (iii) does not otherwise allow access to information by unauthorized persons.  For the avoidance of doubt, this restriction expressly applies to the use of public advanced large language models, "generative" AI tools, and other advanced AI systems, including but not limited to public

versions of OpenAI GPT/ChatGPT, Anthropic Claude, Google Gemini, Meta LLAMA, MidJourney, Dall-E, and Stable Diffusion. Nothing in this paragraph shall prevent a Party from using external vendors, including discovery vendors and translation services, subject to the other terms of this Stipulation and Order.

34. This Stipulation and Order may be changed by further order of this Court or by stipulation of the Parties, and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek to agree to different or additional protection for any particular material or information.

35. The Parties consent to the continuing jurisdiction of the Court with respect to this Stipulation and Order, and any breach thereof, even after the termination of the Litigation.

36. This Stipulation and Order may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

**AGREED:**

**[Signature pages to follow]**

| | |
|---|---|
| Dated:      New York, New York<br>September 22, 2025 | Dated:      New York, New York<br>September 22, 2025 |
| **WINSTON & STRAWN LLP** | **NELSON MULLINS RILEY &<br>SCARBOROUGH LLP** |
| By: s/ Jennifer A. Golinveaux<br>      Jennifer A. Golinveaux | By: s/ Ashley Summer<br>      Ashley Summer |
| 101 California Street, 35th Floor<br>San Francisco, CA 94111-5840<br>JGolinveaux@winston.com<br>(t) (415) 591-1000 | 330 Madison Avenue<br>27th Floor<br>New York, NY 10017<br>Ashley.Summer@nelsonmullins.com<br>(t) (212) 413-9831 |
| *Counsel for Plaintiffs*<br>*Genial Holding Ltda. and Banco Genial S.A.* | *Counsel for Defendants*<br>*Brasil Plural Securities, LLC, Brasil Plural*<br>*Holdings, LLC, and Manuel Maria Monteiro Dias*<br>*Fernandes Fernandez* |

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

*Paul A. Engelmayer*
_____

Honorable Paul Engelmayer
United States District Judge, Southern Dist. of New York


Dated:  September 22, 2025
        New York, New York

## EXHIBIT A

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GENIAL HOLDING LTDA., a limited liability   :    CASE NO.:  1:24-cv-05780-PAE
company in Brazil, and BANCO GENIAL S.A., a   :
company in Brazil   :
  :
                Plaintiffs,   :    **AGREEMENT TO RESPECT**
  :    **PROTECTED MATERIAL**
            - against -   :
  :
BRASIL PLURAL SECURITIES, LLC, a   :
Delaware Corporation, BRASIL PLURAL   :
HOLDINGS, LLC, a Delaware Corporation, and
MANUEL MARIA MONTEIRO DIAS
FERNANDES FERNANDEZ, an individual,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

I,_____, state that:


1.     My address is _____.


2.     My present employer is _____.

3.     My present occupation or job description is

         _____.


4.     I have received a copy of the Stipulation and Order for the Production and Exchange of

         Confidential Information (the "Stipulation and Order") entered into in the above-entitled

         action on _____.

5.     I have carefully read and understand the provisions of the Stipulation and Order.

6.    I will comply with all of the provisions of the Stipulation and Order.

7.    I will hold in confidence, will not disclose to anyone not qualified under the Stipulation and Order, and will use only for purposes of the litigation between the parties to the extent permitted by the Stipulation and Order, any Protected Information, as that term is defined in the Stipulation and Order, that is disclosed to me.

8.    I will return all Protected Information, as that term is defined in the Stipulation and Order, that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Protected Information, as that term is defined in the Stipulation and Order.

9.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulation and Order in the above-captioned litigation between the parties.

Dated:_____        By:_____