WINSTON
& STRAWN
        LLP    NORTH AMERICA    SOUTH AMERICA    EUROPE

101 California Street, 21st Floor
San Francisco, CA 94111-5891
+1 415-591-1000
+1 415-591-1400

December 4, 2025

**VIA ECF**
Honorable Paul A. Engelmayer
United States District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 1305
New York, NY 10007

**Re:    *Genial Holding LTDA. et al. v. Brasil Plural Securities, LLC et al.*, Case No. 1:24-cv-05780-PAE – Plaintiffs' Discovery Letter**

Dear Judge Engelmayer:

Plaintiffs Genial Holding Ltda. and Banco Genial S.A. (collectively, "Plaintiffs") assert that Defendants Brasil Plural Securities, LLC, Brasil Plural Holdings, LLC, and Manuel Maria Monteiro Dias Fernandes Fernandez (collectively, "Defendants") have infringed and attempted to misappropriate Plaintiffs' PLURAL and BRASIL PLURAL marks (the "Marks"). Defendants in turn claim that they own the Marks. The parties' dispute arises out of the interpretation of an October 2018 Share Purchase Agreement ("SPA"). In denying Defendants' motion to dismiss, the Court held that resolving the question of ownership "must … await discovery and thoughtful briefing," and that "it will likely prove necessary for the parties to develop, and the Court to examine, the full business context of the [SPA]." Dkt. 38 at 9 (the "Order"). With this motion, Plaintiffs seek information bearing on ownership of the Marks, the *Polaroid* likelihood of confusion analysis, and Plaintiffs' damages from the alleged infringement. Counsel met and conferred by video and in writing and were unable to resolve these disputes.

I.    *Requests Relevant to Ownership of the Marks*: RFPs 30 and 58

These requests seek documents relevant to ownership of the Marks. Request for Production ("RFP") 30 seeks documents sufficient to show Defendants' strategy, discussions, negotiations, and/or decisions concerning sale or licensing of shares, interests, or assets (including IP) of the Corporate Defendants.[1] Defendants only agree to produce documents concerning the sale and/or licensing of the Marks themselves. RFP 58 seeks documents and communications sufficient to show any valuations of the Corporate Defendants after October 30, 2018, including but not limited to valuations that specifically identify or discuss the value of the Marks.[2] Similarly, Defendants only agree to produce valuations that expressly reference the Marks.

---

[1] *See* Exhibits A (relevant excerpts of Plaintiffs' First Set of RFPs) and B (relevant excerpts of Defendants' Responses and Objections to Plaintiffs' First Set of RFPs).
[2] *Id.*

Case 1:24-cv-05780-PAE    Document 59    Filed 12/04/25    Page 2 of 3



Hon. Engelmayer
December 4, 2025
Page 2

Defendants' narrowing is inappropriate. It is unlikely that Defendants would have sought to sell the Marks separately from the business. Documents related to the sale, licensing, or valuation of Defendants' business or assets are relevant to ownership of the Marks, as such documents are probative of how Defendants understood and valued their assets, including IP assets. This bears directly on whether sale of the Marks was included as part of the SPA, as Defendants contend, or was not, as Plaintiffs contend. For example, if Defendants' documents related to the sale or valuation of the Corporate Defendants omit the Marks, that omission itself supports Plaintiffs' position that Defendants understood that they did not acquire the Marks. And, alternatively, if these documents reflect a value for the business significantly higher than paid as part of the SPA, that also would be probative of the Marks not being included as part of the SPA. Either way, these materials are probative of ownership and value of the Marks. *See Surrey Propco LLC v. Denihan Ownership Co., LLC*, 2023 WL 4553551 *2 (2d Cir. Jul. 17, 2023) (summary order) (holding that the absence of an explicit reference to a trademark in an agreement was significant in determining that the agreement did not convey the trademark).

II.      *Request Relevant to Likelihood of Confusion and Damages*: RFP 50

RFP 50 seeks documents sufficient to show clients referred to Defendants by Plaintiffs, services Defendants performed for those clients, and revenues/profits earned from those clients.[3] As background, Defendants previously used Plaintiffs' Marks with authorization and license from Plaintiffs. Order at 2-3. As Plaintiffs allege, after the deterioration of the parties' business relationship, Defendants used the Marks beyond the scope of any license and "in an effort to create confusion as to their affiliation with Plaintiffs." *Id.* at 4; Dkt. 30 (Amended Complaint), ¶41.

Defendants refuse to produce these documents, claiming that the requested information is irrelevant and overly burdensome because Defendants' work for clients referred by Plaintiffs is not trademark infringement. That is wrong. These documents are relevant because they will identify witnesses who can testify about their understanding of the association between Plaintiffs and Defendants, both before and after the dissolution of their business relationship, which is probative of consumer perception of any ongoing affiliation between the parties, and relevant to whether Defendants' continued, unauthorized use of the Marks is creating confusion. Documents bearing on Defendants' work with and revenue from clients originally referred by Plaintiffs after the dissolution of the parties' relationship are also relevant to damages as they would reflect revenues Defendants derived from infringing uses of the Marks. *See* 15 U.S.C. 1117(a). Defendants' burden arguments are unsubstantiated and unavailing.

For these reasons, Plaintiffs respectfully request that the Court order Defendants to produce the information sought by RFPs 30, 50, and 58, as described above, within 14 days.

---

[3] *See* Ex. A. Plaintiffs agreed to narrow this request to exclude documents that merely relate to work done for a referred client.

**WINSTON**
**&STRAWN**
LLP

Hon. Engelmayer
December 4, 2025
Page 3

Sincerely,

WINSTON & STRAWN LLP
**Attorneys for Plaintiffs**
Jennifer A. Golinveaux
Sean R. Anderson
Paymaneh Parhami

Per the Court's Individual Rule 2(C) governing
discovery disputes, defendants' response to
plaintiffs' letter to compel is due December 9,
2025.  The Court does not invite replies.

SO ORDERED.

_Paul A. Engelmayer_

PAUL A. ENGELMAYER
United States District Judge

Dated: December 4, 2025
        New York, New York