UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GENIAL HOLDING LTDA *et al.*,

Plaintiffs,

-v-

BRASIL PLURAL SECURITIES, LLC *et al.*,

Defendants.

24 Civ. 5780 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

This order resolves a discovery dispute. Plaintiffs Genial Holding Ltda. ("Genial Holding") and Banco Genial S.A. ("Banco Genial," and collectively, "plaintiffs") have moved to compel defendants[1] to comply with certain disputed discovery requests seeking information and documents. Dkt. 59. Defendants oppose this motion. They argue that they have agreed to comply with plaintiffs' discovery requests in substantial measure, but that the material in dispute is irrelevant and overbroad. Dkt. 61.

Based on its review of the parties' letters and supporting materials, *see* Dkts. 59, 61, the Court denies plaintiffs' motion.

In brief, plaintiffs allege misappropriation of certain trademarks (the "Brasil Plural Marks") by defendants, who are former licensees of the marks' owners. Dkt. 30. They brought three claims: of unfair competition, in violation of the Lanham Act, 15 U.S.C. § 1125(a)(l)(A); unfair competition and misappropriation, in violation of New York common law; and deceptive acts and practices, in violation of New York General Business Law ("NYGBL") §§ 349–50. *Id.*

---

[1] These are Brasil Plural Securities, LLC ("BP Securities"), Brasil Plural Holdings, LLC ("BP Holdings"), and Manuel Maria Monteiro Dias Fernandes Fernandez ("Fernandez," and collectively, "defendants").

1

On May 20, 2025, the Court granted defendants' motion to dismiss the NYGBL claim but sustained the other two claims. Dkt. 38.

Plaintiffs here seek to compel compliance with Requests for Production ("RFPs") Nos. 30, 58, and 50. They argue that RFPs No. 30 and 58, which call for defendants to produce all documents and communications relating to their sale, licensing, and valuation of their assets, and not merely the disputed marks, are relevant to establishing ownership and value of the Brasil Plural Marks. Dkt. 59 at 1–2.[2] And they argue that RFP 50, which calls for defendants to produce all documents and communications concerning clients whom plaintiffs referred to defendants, is relevant to the likelihood of confusion and calculation of damages. *Id.* at 2.[3] Defendants argue that all three RFPs, to the extent they seek materials beyond the Brasil Plural Marks, are overbroad. Dkt. 61. Defendants, however, state they do not object to producing "documents that discuss or concern any sale or licensing of the disputed trademarks"; "documents showing any valuation of the disputed trademarks"; and "revenue and profit information for services provided under the trademarks" to include "sales for any such clients subject to RFP 50." *Id.*

---

[2] These RFPs are as follows:

- RFP No. 30: "All Documents and Communications concerning any strategy, discussion, negotiation, or decision concerning the sale or licensing of shares, interests or assets (including intellectual property) of Brasil Plural Holdings, LLC or Brasil Plural Securities, LLC,." Dkt. 59-1 at 10.

- RFP 58 provides: "All Documents and Communications concerning the valuation of any of the Corporate Defendants, including but not limited to reports, spreadsheets, marketing materials or proposals that state, estimate, calculate, quantify, support, or otherwise concern the value of any of the Corporate Defendants." *Id.* at 12.

[3] Request for Production 50 provides: "All Documents and Communications concerning any clients referred to Defendants by Plaintiffs or the Brasil Plural Group/Grupo GENIAL, including its owners, officers, directors, and employees." Dkt. 59-1 at 11.

As to disputed components of RFPs Nos. 30, 58, and 50, the Court denies plaintiffs' motion to compel.

The Federal Rules of Civil Procedure permit a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). Relevant materials under Rule 26(b) consist of "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The party seeking discovery bears the burden of demonstrating relevance. *Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 363 (S.D.N.Y. 2010). Upon a showing of relevance, the responding party bears the burden to justify curtailing or limiting the discovery. *Id.*

Plaintiffs have not established the disputed materials are relevant to a "claim or defense." Fed. R. Civ. P. 26(b)(1). As to RFPs 30 and 58, plaintiffs declare that "[d]ocuments related to the sale, licensing, or valuation of [d]efendants' business" are relevant to how defendants "understood and valued their assets." But plaintiffs have not substantiated this broad, conclusory claim. They do not concretely explain why records bearing on *other* transactions bear on the marks at issue, the Brasil Plural Marks. They have not explained why, without these materials, defendants' production would be "materially incomplete." *See, e.g.*, *DC Comics v. Kryptonite Corp.*, No. 00 Civ. 5562, 2002 WL 31159121, at *4 (S.D.N.Y. Sept. 26, 2002) (upholding, on grounds of lack of relevance, the withholding of information about future trademark applications or plans related to those applications); *Gucci Am., Inc. v. Exclusive Imports Int'l*, No. 99 Civ. 11490, 2002 WL 1870293, at *2 (S.D.N.Y. Aug. 13, 2002) (affirming denial, on grounds of lack of relevance, of request to produce third party sales records in counterfeit watch case); *Gilead*

3

*Scis., Inc. v. Khaim*, 755 F. Supp. 3d 285, 296 (E.D.N.Y. 2024) (questioning relevance of "scores of data not relevant in any aspect" to pursuit of trademark claims).

And, as to RFP 50, plaintiffs' argument is likewise unpersuasive that profit and revenue information for *all* referred clients—not just those using services involving the Brasil Plural Marks—is relevant. Such materials are not necessary as a means to identify potential witnesses, and defendants represent, without refutation, that materials already within plaintiffs' custody are sufficient to identify these. Discovery into unrelated transactions with non-parties requires a showing of some connection to the transactions at hand. *Plata Cap. Ltd. v. Fin. Tech. Partners L.P.*, No. 25 Civ. 2549, 2025 WL 3041923, at *2 (S.D.N.Y. Oct. 31, 2025) (Engelmayer, J.); *cf. Novartis Vaccines & Diagnostics, Inc. v. Regeneron Pharms., Inc.*, No. 18 Civ. 2434, 2019 WL 3050678, at *5 (S.D.N.Y. July 12, 2019). No such showing has been made.

## CONCLUSION

For the foregoing reasons, the Court denies plaintiffs' request to compel defendants to produce the disputed materials within RFPs 30, 50, and 58.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: December 18, 2025
　　　New York, New York

4